CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 22 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FRANK ROBERTS, d/b/a FAR INNOVATION INTERNATIONAL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UXB INTERNATIONAL, INC., <br><br> Defendant. | Civil Action No. 7:13CV00439 <br><br> **MEMORANDUM OPINION** <br><br> Hon. Glen E. Conrad <br> Chief United States District Judge |

Frank Roberts, d/b/a FAR Innovation International ("FAR Innovation"), filed this diversity action for breach of contract against UXB International, Inc. ("UXB"). The case is presently before the court on UXB's motion to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, the motion will be denied without prejudice.

## Background

This case stems from a contract dispute between a federal government contractor (UXB) and one of its vendors (FAR Innovation), which supplied tables, chairs, bug zappers, and air curtains for a project at Bagram Air Force Base in Afghanistan. Roberts alleges that FAR Innovation satisfied its obligations under the contract and submitted an invoice to UXB, which remains unpaid. He claims that this constitutes a breach of FAR Innovation's contract with UXB. Roberts further alleges that FAR Innovation was unable to pay its own suppliers due to UXB's nonpayment of the invoice, and that this resulted in him being subjected to debtor's prison in Afghanistan for a number of days, during which time FAR Innovation lost profits on other contracts. Roberts seeks to recover the amount due under the invoice, totaling $42,618.00, as well as consequential damages in the amount of $162,404.00.

In the original complaint, filed on September 23, 2013, Roberts alleged that FAR Innovation is and was, at all relevant times, a foreign sole proprietorship with its principal offices located in Kabul, Afghanistan. On January 16, 2014, UXB moved to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. UXB argued that Roberts' allegations regarding FAR Innovation's business structure were "not true," and that FAR Innovation "is a corporation, not a sole proprietorship." Def.'s Br. in Supp. of Mot. to Dismiss at 1-2, Docket No. 5. Relying on the "fundamental rule that [a] shareholder – even the sole shareholder – does not have standing to assert claims alleging wrongs to the corporation," Smith Seltzer & Sons, Inc. v. S.C. Procurement Review Panel, 20 F.3d 1311, 1317 (4th Cir. 1994) (internal citation and quotation marks omitted), UXB argued that Roberts does not have standing to bring claims on behalf of FAR Innovation and, thus, that the complaint should be dismissed for lack of subject matter jurisdiction.

UXB submitted several exhibits in support of its Rule 12(b)(1) motion. The exhibits included the following: (1) a September 19, 2010 email from Roberts, which identified him, in the signature block, as "President/CEO" of "FAR Innovation International, LLC"; (2) bank account information provided by Roberts, which named the account beneficiary as "FAR Innovation Construction Co."; (3) a listing from Dun & Bradstreet for "FAR Innovation Construction, LLC"; and (4) a copy of Roberts' LinkedIn profile on which he is listed as the "CEO of FAR Innovation International Company."

On January 30, 2014, Roberts filed a brief in opposition to UXB's motion to dismiss, along with an untranslated copy of a business license issued by the Afghanistan Investment Support Agency ("AISA"). Although Roberts acknowledged that he operated as a limited liability

2

company in the United States, Roberts contended that he did not register the LLC with AISA, and that he instead operated as a sole proprietorship in Afghanistan.

The court held a hearing on the motion to dismiss on May 19, 2014. During the hearing, Roberts submitted a number of additional exhibits, including his own sworn declaration, a copy of a quote that FAR Innovation issued to UXB, a copy of a letter that UXB submitted to the United States Army Corps of Engineers after receiving the quote, and a translated copy of a business license issued by AISA. In his sworn declaration, Roberts asserted that he founded FAR Innovation International as a sole proprietorship pursuant to Afghanistan law, that he operated as a sole proprietorship while doing business in Afghanistan with UXB, and that he could not and did not operate his American limited liability company in Afghanistan. Both the quote that Roberts introduced at the hearing, and the letter drafted by UXB, referred to Roberts' business as "FAR Innovation International," and made no specific mention of an LLC. The translated business license indicates that it was issued to FAR Innovation Construction on July 16, 2009, and that it expired on July 15, 2010.

Following the hearing, Roberts filed an amended complaint, in which he added FAR Innovation Construction, LLC as a plaintiff. In response, UXB filed a renewed motion to dismiss, arguing that Roberts lacked standing to file the original complaint, and that he is not permitted to add a new plaintiff in order to cure a lack of jurisdiction. See Ciliv v. UXB Int'l, Inc., No. 7:12-cv-290, 2013 U.S. Dist. LEXIS 112138, at *4 (W.D. Va. Aug. 8, 2013) (Turk, J.) ("[A] plaintiff who lacks standing is not permitted to 'amend the complaint to substitute a new plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create jurisdiction by amendment where no exists.'") (quoting 3 James William Moore, et al., Moore's Federal Practice ¶ 15.14[2] (3d ed. 1999)).

3

Roberts filed a response to the renewed motion to dismiss on July 17, 2014. Again relying on his sworn declaration and the exhibits previously submitted, Roberts maintains that he only conducted business in Afghanistan as a sole proprietorship, that he did so in his dealings with UXB, and that neither the quote he provided to UXB nor UXB's subsequent purchase order refer to his American limited liability company. Accordingly, Roberts maintains that he had standing to file the original complaint, and that this action should not be dismissed.

## Discussion

Because standing implicates the court's jurisdiction over the subject matter of a dispute, the defendant's motion was properly filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure, which permits a party to move for dismissal of an action for lack of subject matter jurisdiction. See Taubman Realty Grp. Ltd P'ship v. Mineta, 320 F.3d 475, 481 (4th Cir. 2003) (affirming the district court's dismissal of complaint for lack of standing under Rule 12(b)(1)); see also Miller v. Pac. Shore Funding, 224 F. Supp. 2d 977, 994 (D. Md. 2002) ("Standing . . . is a fundamental component of a court's subject-matter jurisdiction. As such, defendants may aptly challenge its existence by a motion to dismiss for lack of jurisdiction over the subject matter, pursuant to Federal Rule of Civil Procedure 12(b)(1)."). Questions regarding subject matter jurisdiction "may be raised at any point during the proceedings." Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004).

When, as here, the defendant challenges the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). This court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. The court

4

should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. at 769; see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). When jurisdictional facts are intertwined with facts central to the merits of a case, the court should resolve the relevant factual disputes only after appropriate discovery. See Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009).

In this case, the determinative issue is whether Roberts had standing to file the original complaint. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n.5 (1992) ("[S]tanding is to be determined as of the commencement of suit."); Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.") Based on the current record, the court finds the evidence submitted by Roberts sufficient to withstand a motion to dismiss for lack of standing. As set forth above, Roberts has submitted a sworn declaration in which he avers that he operated as a sole proprietorship while doing business in Afghanistan with UXB, and that he could not and did not operate his American limited liability company in Afghanistan. Assuming the truth of Roberts' declaration, which he maintains is supported by other documents drafted by him and UXB, the court is constrained to conclude, at this stage of the proceedings, that Roberts had standing to file suit against UXB in his personal capacity. See, e.g., Geneva College v. Sebelius, 929 F. Supp. 2d 402, 429 (W.D. Pa. 2013) (explaining that "there is no legal separation between [a sole proprietorship] and its owner," that the sole proprietorship's "claims are actually [the owner's] claims," and that the owner can "assert in his own name the claims asserted by [the sole proprietorship]") (citing 1 William Meade Fletcher, Fletcher Cyclopedia of the Law of Corporations § 23 (2012)); Dolby v. Worthy, 173 P.3d 946, 947 (Wash. Ct. App. 2007) (noting that "a sole proprietorship does not have legal standing to sue or be sued in its own right").

5

Because jurisdictional challenges may be raised at any point during the proceedings, the defendant's motion to dismiss will be denied without prejudice. The defendant will be permitted to renew its motion should additional information come to light during discovery that casts doubt on Roberts' right to sue on the underlying claims.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 22ᵈ day of August, 2014.

                                                /s/ *signature*
                                           Chief United States District Judge